132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Josie Adele HARDING, Defendant-Appellant.
 No. 97-30268.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Dec. 3, 1997.
Dec. 10, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington Justin L. Quackenbush, District Judge, Presiding
 Before WRIGHT, REAVLEY*** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are asked to determine whether Josie Harding's Fourth Amendment rights were violated when she was detained and her property seized for over an hour before her automobile was searched at the United States-Canada border. We find that her rights were not violated and affirm.
 
 
 3
 Routine border searches constitute a special category under the Fourth Amendment. United States v. Ramsey, 431 U.S. 606, 616-619 (1977). Unlike traditional searches and seizures, routine border inspections "are not subject to any requirement of reasonable suspicion, probable cause, or warrant." United States v. Montoya de Hernandez, 473 U.S. 531, 538 (1985). The rationale for the border search exception is "the long-standing right of the sovereign to protect itself by stopping and examining persons and property crossing into this country." Ramsey, 431 U.S. at 616.
 
 
 4
 The defendant contends that the hour and fifteen minute wait before officers searched her automobile removed this case from the realm of a "routine border search." We disagree. The category of non-routine border searches is narrow and involves an extended detention and intrusive search of the defendant's person. In these limited situations, customs officials are required to have "reasonable suspicion." See, e.g., Montoya de Hernandez, 473 U.S. at 541 (18-hour detention of woman suspected of smuggling contraband in her alimentary canal is non-routine border search requiring reasonable suspicion); see also United States v. RamosSaenz, 36 F.3d 59, 61 (9th Cir.1994) (citing strip searches and body cavity searches as non-routine border searches requiring reasonable suspicion).
 
 
 5
 Any inconvenience Harding experienced does not take this case out of the realm of a routine search to one requiring the government to have reasonable suspicion. Her person was never searched and she was provided food and water while she waited. In addition, she was largely responsible for the hour and fifteen minute delay before her automobile was searched. Canadian officials advised her when she left the United States that she should return through the Frontier Point of Entry, where Inspector Hopkins was stationed. Had she done so, Inspector Hopkins would not have had to drive 30 miles to the Boundary Point of Entry and the search of her automobile could have commenced immediately.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3